UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RUSSELL S. GILFERT                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:05CV-527-S

LIBERTY MUTUAL INSURANCE CO.                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Russell S. Gilfert, to remand this action to the Jefferson County, Kentucky, Circuit Court, Division Six. This action was removed by the plaintiff, Liberty Mutual Insurance Co., under our diversity jurisdiction. 28 U.S.C. § 1332.

There is apparently no dispute that at the time of removal this court had diversity jurisdiction. Gilfert is a Kentucky resident. Complaint, ¶ 1. Liberty Mutual is a Massachusetts corporation with its principal place of business in Boston. Complaint, ¶ 2. Gilfert's prayer for relief seeks compensatory and consequential damages in an unspecified amount and $1,000,000.00 in punitive damages from Liberty Mutual. Gilfert does not deny that he seeks an amount in excess of the jurisdictional limit of this court.

The sole basis for remand raised by Gilfert is Liberty Mutual's failure to attach a copy of the summons served upon it, as required by 28 U.S.C. § 1446(a) which states, in pertinent part:

> A defendant...desiring to remove any civil action...from a State court shall file in the district court...a notice of removal signed...and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant...in such action.

It is Gilfert's contention that the failure to include a copy of the summons is a procedural defect which is fatal to removal. Liberty Mutual does not deny that it omitted the attachment. Gilfert raised the issue as to this defect via a motion to remand filed within the thirty-day period allowed by 28 U.S.C. § 1447(c). He contends that remand must be ordered.

Liberty Mutual contends that its omission was inadvertent and that it should be permitted to cure the defect by amendment.  In light of the fact that diversity jurisdiction clearly exists in this court, Liberty Mutual urges that it would frustrate the spirit of the removal statute to require remand for what it terms a purely procedural error.

None of the cases cited by Liberty Mutual is factually on point.  As pointed out by Gilfert, they all involved errors or omissions of fact contained in the text of the notice of removal - what Gilfert describes as drafting errors (Gilfert Reply Brief, p. 2) - rather than the physical omission to attach a copy of a summons.  While he draws this distinction, Gilfert has failed to articulate a reason for differentiating a drafting error from an omission of an attachment in assessing whether remand is required.

Gilfert wishes strict adherence to the procedural requirements of 28 U.S.C. § 1446(a) which mandates that copies of all process served on the defendant be filed with the notice.  It appears that the Sixth Circuit has not been presented with this precise question.[1]  However, the Sixth Circuit has very clearly followed the trend generally toward relaxation of the former rule requiring strict adherence so as to "implement the spirit of the statute and rules" where "the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the federal court." *Gafford v. General Electric Company*, 997 F.2d 150, 164 (6th Cir. 1993), *quoting, Stanley Electric Contractors, Inc. v. Darin & Armstrong Company*, 486 F.Supp. 769, 772-73 (E.D.Ky. 1980); *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company*, 5 F.3d 963, 969 (6th Cir. 1993).

Gilfert contends that this court should follow the decisions of *Burnett v. Birmingham Board of Education*, 861 F.Supp. 1036 (N.D.Ala. 1994) and *Kisor v. Collins*, 338 F.Supp.2d 1279

---

[1]The United States District Court for the Eastern District of Kentucky at Covington was asked to decide this same issue in *Maysville Marketsquare Associates Limited Partnership v. The Kroger Co.*, Civil Action No. 04-187.  The motion to remand was denied.  The action was recently appealed to the Sixth Circuit.  It remains an open question whether the Eastern District ruling on this point will be challenged on appeal.

(N.D.Ala. 2004) in which a copy of the summons was omitted from the notice of removal. Both decisions were authored by the same district judge. In *Kisor*, the judge noted that "Kisor understandably relies on *Burnett v. Birmingham Bd. of Educ.,* 861 F.Supp. 1036 (N.D.Ala. 1994), a case decided by this court. This court confesses to have been effusive with its *obiter dicta*, gratuitously drawing a roadmap that Kisor has here followed precisely." *Kisor*, 338 F.Supp.2d at 1280. In *Burnett*, he opined about an argument not made in the case:

> Plaintiffs' motion does not complain of the failure of the notice of removal to contain a copy of the summons served on the Board. The absence of a copy of this "process" was a clear procedural defect under 28 U.S.C. § 1446(a) and one which would have been fatal if it had been raised by plaintiffs within the thirty (30) day period allowed by 28 U.S.C. § 1447(c). This defect has, however, been waived.

*Burnett*, 861 F.Supp. at 1036. Kisor having made the argument in a timely fashion, the judge addressed the matter squarely, and found that the omission mandated remand:

> As a court of limited jurisdiction, this court would be more than uncomfortable if it overlooked a jurisdictional defect about which a plaintiff has expressly complained just because the defect was inadvertent. There probably exists a procedural defect so hypertechnical and so innocuous that it can be overlooked, but this is not it...It would indeed be ironic for Kisor to have taken the free advice dispensed by this court in *Burnett*, and then for this court to repudiate what it there said. When this court grants Kisor's motion to remand, as it will do by separate order, it will not be doing so in order to avoid irony, but because procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules, and must be complied with. This belief is no longer *dicta*.

*Kisor*, 338 F.Supp.2d at 1281.

The *Burnett* and *Kisor* decisions appear to stand alone in modern jurisprudence in their rigid application of the procedural requirements of § 1446(a).

Commentators have uniformly stated that a failure to file copies of documents with the notice of removal is a remediable procedural defect. 29A Federal Procedure, Lawyers Ed. (West Publ., 1998) § 69:75:

> The notice of removal must be accompanied by a copy of all process, pleadings, and orders served upon the defendant in the action. However, the failure of the party seeking removal to file with the notice all of the documents required by the statute should not render the notice of removal defective. The failure to file such documents

should not be considered a jurisdictional defect, but merely a formal omission which may be remedied subsequently.

*See also,* 14C Wright, C., Miller, A., & Cooper, E., Fed. Practice & Proc. § 3733.  The court in *Kisor* did not consider whether it had jurisdiction at the time of removal and consequently whether the defendants should be permitted to amend to cure the defect in their notice.  Indeed, the court did not address amendment of the notice of removal at all, stating that "amendment to their notice of removal comes too late, it cannot be considered and cannot counter Kisor's motion to remand.  This means, of course, that the question of whether a return on service is an essential part of the "process" required by 28 U.S.C. § 1446(a), provocative though that question may be, remains a question to be decided elsewhere."  *Kisor*, *Id.*

There are a number of cases which stand in direct contravention of the holding in *Kisor*.  *See, Covington v. Indemnity Insurance Company of North America*, 251 F.2d 930 (5th Cir. 1958), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958); *Dri Mark Products, Inc. v. Meyercord Co.*, 194 F.Supp. 536 (S.D.N.Y. 1961).  In *Dri Mark Products, Inc.,* the court stated

> The third ground for plaintiff's motion is that the petition was defective because defendant did not file with the petition all of the exhibits annexed to plaintiff's application for the temporary injunction in the State court.  See 28 U.S.C. § 1446(a).  Though raised by the moving affidavit, the point is not pressed in plaintiff's brief.  This is due, no doubt, to the fact that the argument has not merit.  The failure to file the exhibits is not a jurisdictional defect.  Omissions which are merely formal or modal do not affect the right to remove and such technical defects may be subsequently remedied.  See 28 U.S.C. § 1447(b); *Covington v. Indemnity Ins. Co.,* 5 Cir., 1958, 251 F.2d 930, 932-33; 7 Moore, Federal Practice 4452 & n. 2 (2d ed. 1955).

*Dri Mark Products, Inc.*, 194 F.Supp. at 538.

As there appears to be no Sixth Circuit decision directly on point, the court must attempt to discern from available precedent and the rationale applied by other courts how the Sixth Circuit might rule on the issue.  We conclude that the Sixth Circuit would conclude that an omission to file a copy of a summons would be treated as a remediable procedural defect with no impact upon the jurisdiction of the court where "the jurisdictional facts do indeed exist, and the parties are in law

entitled to invoke the jurisdiction of the federal court." *Gafford, supra.* We find that in attempting to "implement the spirit of the statute and rules," the court would follow the lead of the 5th Circuit in holding that inadvertent omission from the record are "merely modal and formal, and are completely without effect upon removal, if the case is in its nature removable." *Covington*, 251 F.2d at 933.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Russell S. Gilfert, to remand (DN 6) is **DENIED**. **IT IS FURTHER ORDERED** that **NO LATER THAN FOURTEEN (14) DAYS FROM THE DATE OF ENTRY OF THIS ORDER** the defendant, Liberty Mutual Insurance Co., shall **AMEND ITS NOTICE OF REMOVAL** to file a copy of the summons served upon it in this action.

**IT IS SO ORDERED.**